In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-365 CV


____________________



IN THE INTEREST OF E.A.G. AND A.K.G.







On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. CV-37,071-04-01






MEMORANDUM OPINION (1)


 John Goff appeals the termination of his parental rights to E.A.G. and A.K.G. The sole
point of error raised on appeal challenges the legal and factual sufficiency of the evidence
establishing the four grounds for termination alleged in the petition filed by the mother of the
children. We address three of those grounds, find them to be legally and factually sufficient, and
affirm the judgment.


 In a legal sufficiency review, a court should look at all the evidence in the light
most favorable to the finding to determine whether a reasonable trier of fact could
have formed a firm belief or conviction that its finding was true. To give
appropriate deference to the factfinder's conclusions and the role of a court
conducting a legal sufficiency review, looking at the evidence in the light most
favorable to the judgment means that a reviewing court must assume that the
factfinder resolved disputed facts in favor of its finding if a reasonable factfinder
could do so. A corollary to this requirement is that a court should disregard all
evidence that a reasonable factfinder could have disbelieved or found to have been
incredible. This does not mean that a court must disregard all evidence that does
not support the finding. Disregarding undisputed facts that do not support the
finding could skew the analysis of whether there is clear and convincing evidence.


In the Interest of J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). If we determine that no reasonable
factfinder could form a firm belief or conviction of the truth of the matter in controversy, we must
conclude that the evidence is legally insufficient and render judgment for the appealing parent. 
Id. In addressing the factual sufficiency of the evidence, we consider whether, in light of the
entire record, the disputed evidence is so significant that the trier of fact could not reasonably have
formed a firm belief or conviction about the truth of the allegations. Id. If the evidence is
factually insufficient, the appealing parent is entitled to a new trial. 

 The trial court found Goff: (1) engaged in conduct or knowingly placed the children with
persons who engaged in conduct which endangered the physical or emotional well-being of the
children; (2) failed to support the children in accordance with the parent's ability during a period
of one year ending within six months of the date of the filing of the petition; (3) voluntarily, and
with knowledge of the pregnancy, abandoned the mother of the children beginning at a time during
her pregnancy with the younger of the two children and continuing through the birth, failed to
provide adequate support or medical care for the mother during the period of abandonment before
the birth of the child, and remained apart from the child or failed to support the child since the
birth; and (4) knowingly engaged in criminal conduct that resulted in the parent's conviction of
an offense and confinement or imprisonment and inability to care for the children for not less than
two years from the date of filing the petition. Tex. Fam. Code Ann. § 161.001 (1)(E),(F),(H)
and (Q) (Vernon 2002). The trial court found termination to be in the best interest of the children. 
Tex. Fam. Code Ann. § 161.001 (2) (Vernon 2002). We may affirm the judgment if the trier
of fact could have reasonably formed a firm belief of the truth of any of the Section 161.001(1)
predicate findings alleged by the petitioner and that termination would be in the best interest of the
children. In the Interest of A.V. & J.V., 113 S.W.3d 355, 362 (Tex. 2003); In the Interest of
C.H., 89 S.W.3d 17, 25 (Tex. 2002). 

 We turn first to the findings regarding failure to support. The trial court found the
appellant failed to support his two children in accordance with his ability during a period of one
year ending within six months of the date of the filing of the petition, and also found that Goff
abandoned the petitioner during her second pregnancy. A longstanding drug addiction affected
not only Goff's earning power, but also his spending habits. The appellee testified Goff abused
alcohol and engaged in the use of illegal drugs while he was released on parole in 1995 and 1996. 
The appellee divorced him when he failed to achieve sobriety. An eventual reconciliation resulted
in the birth of E.A.G. in 1999, but the Goffs again separated. That year Goff was using crack,
in violation of his parole, and was jailed. A.K.G. was conceived during a brief subsequent
reconciliation, apparently while Goff awaited a parole revocation hearing. They separated after
the appellant emptied their bank account for drugs and alcohol and left the appellee without food
or money. Although out on parole at the time and engaged in full time employment for $15 per
hour, Goff admitted he provided no support to the appellee during her second pregnancy. The
appellant also admitted that the appellee informed him she was going to Nacogdoches, near where
her parents lived, and that he knew where they lived. The appellee admitted she did not remain
with her parents, but testified that the appellant knew where she was and called her several times
and threatened her. By September 2001, he had been charged with having committed new
offenses. The appellant has been incarcerated since the fall of 2001. The appellee divorced the
appellant a second time in 2002. Although ordered to pay child support in the divorce decree,
Goff did not meet the obligation and there is an arrearage as a result of the court order. He
provided no support at all until January 2004, the month the appellee filed the petition to
terminate. The appellant contends he did not abandon the pregnant mother because she is the one
who left the relationship. He does not challenge the finding that he failed to support the children
for the one year period before the filing of the petition, but notes that he began sending money
immediately afterwards. 

 The trial court also found that Goff knowingly engaged in criminal conduct that resulted
in conviction of an offense and confinement or imprisonment and inability to care for the children
for not less than two years from the date of filing the petition. Goff was convicted of robbery and
burglary of a habitation in 1992, and was on parole when he became a father. Goff was charged
with assault and burglary in 2001 and his parole was revoked around the time of the birth of his
second child. His mandatory release date is May 17, 2008. Incarceration alone does not show
inability to care for the children. In the Interest of B.M.R., 84 S.W.3d 814, 818 (Tex. App.--Houston [1st Dist.] 2002, no pet.). Among the factors to be considered are the availability of
financial and emotional support from the incarcerated parent. Id. Courts have also considered
the availability of family members to assume the incarcerated parent's role as possessory
conservator. In the Interest of E.S.S., 131 S.W.3d 632, 640 (Tex. App.--Fort Worth 2004, no
pet.). In this case, Goff obtained employment in prison, for which he receives wages of $1.27 per
hour. Goff paid about half of his earnings to the petitioner each month between filing the petition
in January 2004 and the trial in June 2004, for a total of "possibly" $500. This modest financial
support is the full extent of the care Goff would offer his children over the ensuing years, were
his rights not terminated. There is no evidence that Goff's family assists him in caring for the
children. The caregiver for the children is the person who is seeking termination of Goff's
parental rights. She remarried in August 2003, and her husband is the children's father figure and
source of emotional and financial support. Goff concedes he cannot physically care for his
children, but argues he has a limited financial and emotional ability to care for his children. Goff
compares his situation to soldiers at war, but fails to take into account that his situation is the
direct result of his criminal conduct. 

 After reviewing the evidence in the light most favorable to the judgment, we conclude that
the trial court could have reasonably formed a firm belief of the truth of the petitioner's allegations
of non-support. In addition, when the evidence is viewed in a neutral light, and considering the
appellant's efforts to provide support and his explanations for his conduct, the disputed evidence
is not so strong as to cast doubt on the trial court's conclusions. Although the petitioner is the one
who moved out of their home, the trial court could have reasonably found that she did so to escape
the dire emotional and financial consequences of the appellant's continuing course of criminal
behavior. The appellant's failure to provide for the financial and emotional needs of the children
preceded his incarceration and became irreversible with the revocation of his parole. As a direct
result of his criminal behavior, Goff provided no financial support for the year before the filing
of the petition. Although the appellant provided modest financial support after the filing of the
petition, the trial court could have reasonably concluded that a few hundred dollars is not adequate
support for two children. In addition, Goff articulated no concrete plans for meeting his
obligations as a possessory conservator. The appellee will not voluntarily bring the children to
prison to see him, and there is no evidence that he sought to exercise his possessory rights,
through an intermediary or otherwise.

 The appellant mentions the non-exhaustive factors for reviewing the court's finding that
termination is in the best interest of the children, but does not apply those factors to the facts of
his case. (2) We conclude the trial court's finding is supported by the evidence. The petitioner
provides a stable home and the sole source of the children's emotional support. Her husband is
their father figure and intends to adopt the children. The appellant demonstrated concern for the
children, but cannot meet their needs and has no concrete plan for doing so in the future. 



 We find no error in the judgment. Accordingly, the judgment is affirmed.

 AFFIRMED.



 _______________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on April 21, 2005

Opinion Delivered May 5, 2005


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.
2. In reviewing the finding that termination of parental rights is in the best interest of the
children, we consider the non-exhaustive list of elements described in Holley v. Adams: 1) the
desires of the children; 2) their present and future physical and emotional needs; 3) the present and
future emotional and physical danger to the children; 4) the parental ability of the individuals
seeking custody; 5) the programs available to assist these individuals in promoting the best interest
of the children; 6) the plans for the children by the individuals seeking custody; 7) the stability of
the home; 8) the parent's acts or omissions that may indicate the existing parent-child relationship
is not a proper one; and 9) any excuse for the parent's acts or omissions. Holley v. Adams, 544
S.W.2d 367, 371-72 (Tex. 1976).